UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARRY KEITH RIDDICK,<br><br>Plaintiff,<br><br>v.<br><br>POAH MANAGEMENT COMPANY, *et al.*,<br><br>Defendants. | Case No. 25-cv-11913<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DIRECTING U.S. MARSHALS SERVICE TO USE
REASONABLE EFFORTS TO SERVE DEFENDANT**

Plaintiff Barry Keith Riddick, proceeding pro se and *in forma pauperis*, brings this action under the Fair Credit Reporting Act against POAH Management Company, Kellia Young, and a Jane Doe supervisor of Young.  ECF No. 1.  The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

Under 28 U.S.C. § 1915(d), officers of the court must "issue and serve process" when a plaintiff is proceeding *in forma pauperis.*  And Federal Rule of Civil Procedure 4(c)(3) provides that the court appoint the U.S. Marshals Service (USMS) to serve process in these cases.  Together,

Rule 4(c)(3) and 28 U.S.C. § 1915(d) "stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (cleaned up); *see also Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002) (holding that the district court has a statutory responsibility to issue an *in forma pauperis* plaintiff's service to the USMS).

The Court granted Riddick's application to proceed *in forma pauperis* and ordered the USMS to serve Young.  ECF No. 4; ECF No. 5.  The USMS attempted to serve Young by certified mail, restricted delivery, sent to 8330 E. Jefferson, Detroit, Michigan—Young's work address at POAH Management.  ECF No. 17.  A return receipt was signed by Miranda White, not Young, on August 19, 2025.  *Id.*  This attempt at service does not satisfy federal or state law.  Federal Rule of Civil Procedure 4(e)(2) permits serving an individual by:

> (A)  delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

2

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The USMS did not personally serve Young or leave copies of the summons and complaint at her residence with a person of a suitable age, as required under Rule 4(e)(2)(A) or (B).  Nor does it appear that the USMS served Young's agent under Rule 4(e)(2)(C), as there is no sign that Miranda White was appointed as Young's agent.

Rule 4(e)(1) also permits serving an individual by following state law in the state where the action is pending or where service is made.  The USMS could have served Young under Michigan law by:

(1)  delivering a summons and a copy of the complaint to the defendant personally; or

(2)  sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt *signed by the defendant* must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A) (emphasis added).

The USMS did not personally serve Young, nor does the return receipt bear Young's signature.  Thus, service was not proper under Michigan law either.  *See Dortch v. First Fid. Mortg. Co. of Mich.*, 8 F. App'x 542, 546 (6th Cir. 2001) (service was not perfected under Rule 2.105(A)(2) because the defendant did not sign the return receipt); *Richard v.*

3

*Bouchard*, No. 12-12516, 2013 WL 4417440, at *2 (E.D. Mich. Aug. 15, 2013) (same).

The USMS must now use reasonable efforts to locate and personally serve Young within 60 days. *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the USMS to take reasonable steps to locate the defendant's address through an internet search and by consulting defendant's former employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (USMS was ordered to personally serve the defendants after a fourth waiver request was returned unexecuted). The USMS must inform the Court of the results of its attempt to personally serve Young by **February 23, 2026**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 24, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 24, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager