UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY KEITH RIDDICK,

      Plaintiff,

v.

POAH MANAGEMENT COMPANY,
KELLIA YOUNG, and JANE DOE,

      Defendants.
_____/

Case No. 25-cv-11913
Honorable Linda V. Parker

## OPINION AND ORDER AFFIRMING ORDER DENYING MOTION TO COMPEL AND REJECTING REPORT AND RECOMMENDATION TO DISMISS DEFENDANT YOUNG

This matter is currently before the Court on Plaintiff Barry Keith Riddick's objections (ECF Nos. 26, 29, respectively) to Magistrate Judge Elizabeth A. Stafford's order denying his motion to compel (ECF No. 24) and her Report and Recommendation ("R&R") to dismiss Defendant Kellia Young pursuant to Federal Rule of Civil Procedure 4(m).  For the reasons set forth below, the Court affirms Magistrate Judge Stafford's decision on the motion to compel, but rejects the recommendation to dismiss Young.

### Background

Riddick filed this pro se action against Defendants on June 25, 2025, and an application to proceed in forma pauperis ("IFP").  (ECF Nos. 1, 2.)  This Court

granted Plaintiff's IFP application, directed the U.S. Marshal Service ("USMS") to serve Defendants as is required when IFP status is granted, and referred the matter to Magistrate Judge Stafford for all pretrial matters pursuant to 28 U.S.C. § 636. (ECF Nos. 4-6.)

On August 28, 2025, Defendant POAH Management Company ("POAH") filed an Answer to the Complaint.  (ECF No. 16.)  On September 2, 2025, the USMS filed a United States Postal Service "green card," which reflected that it sent a summons and copy of the Complaint to Young via Certified Mail, Restricted Delivery to POAH's business address.  (ECF No. 17.)  The green card was signed by Miranda White on August 19, 2025.  (*Id.*)

On December 24, 2025, Magistrate Judge Stafford issued an order, in which she found that the USMS' attempted service on Young did not satisfy federal or state law.  (*See* ECF No. 20.)  Magistrate Judge Stafford ordered the USMS to use "reasonable efforts" to locate and personally serve Young within 60 days.  (ECF No. 20.)  On February 23, 2026, the USMS filed a Notice of Reasonable Effort Search, indicating that a Deputy U.S. Marshal went to POAH and spoke to a manager, who indicated that Young no longer works there and the manager does not know her whereabouts.  (ECF No. 25.)  The deputy checked open-source databases and could not locate Young.  (*Id.*)

In the interim, Riddick filed a motion to compel discovery from POAH. (ECF No. 22.)  In these discovery requests, Riddick sought *inter alia* information to identify Defendant Jane Doe, who was Young's supervisor.  Magistrate Judge Stafford denied the motion on February 17, 2026, finding that it was premature because Riddick sought discovery prior to a conference under Federal Rule of Civil Procedure 26.  (ECF No. 24.)  A Rule 26 scheduling conference is now set for April 7, 2026.  (ECF No. 28.)

### Applicable Law & Analysis

### Order on Motion to Compel

Federal Rule of Civil Procedure 26(d)(1) precludes parties from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." As Magistrate Judge Stafford noted, none of the exemptions for seeking early discovery apply here.  Courts confronted with requests to allow discovery before the Rule 26(f) conference usually inquire as to whether there is good cause to justify early discovery.  *Change Healthcare Operations, LLC v. Feeney*, No. 3:22-0305, 2022 WL 18640593, at *1 (M.D. Tenn. Aug. 4, 2022) (collecting cases).

3

Riddick did not establish good cause.  While he stated in the motion to compel that he is attempting to identify Jane Doe, his discovery did not request that information.  Nor did it seek information to attempt to locate Young for service.

For these reasons, Magistrate Judge Stafford's denial of Riddick's motion to compel was neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Therefore, the Court affirms the decision.

## Recommendation to Dismiss Young

When a plaintiff proceeds IFP, federal law shifts the duty to serve the defendant(s) to court officers.  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process and perform all duties in such cases.").  Section 1915(d) is designed to lift the burden of service from indigent plaintiffs presumably lacking the means to accomplish service through the usual commercial process server.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991)).  However, because the statute shifts the duty of service to a third party, over which the plaintiff has no control, it creates a conundrum. [1]

This is because Rule 4(m) provides:  "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[1]  An IFP plaintiff might seek exclusion from § 1915(d); however, this is an option that is not apparent from the statute.

4

time."  The rule provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  The Sixth Circuit has held that, in certain circumstances, the court officers' failure to serve will "confer a showing of automatic good cause[.]"  *Bryd*, 94 F.3d at 220 (finding automatic good cause due to "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis").  However, an IFP plaintiff has no guarantee that a court will find circumstances warranting—or even consider whether circumstances exist to warrant—the automatic good cause finding.

Even if good cause is not shown, however, Sixth Circuit precedent requires district judges to balance the following factors when deciding whether to extend the time for service:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

5

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).  Magistrate Judge Stafford did not consider these factors in the R&R.  This Court finds that they warrant an extension.

Most significantly, Riddick is diligently attempting to prosecute this action, including attempting to identify Jane Doe and locate Young.  As a diligent pro se litigant, the Court finds that he is deserving of additional latitude, as well as the opportunity to conduct discovery of POAH to, among other things, identify Jane Doe and obtain information concerning Young which might enable service to be accomplished.  The unidentified manager with whom the Deputy U.S. Marshal spoke may have stated that he did not know Young's whereabouts, but *POAH* may have an address for her or a record identifying a subsequent employer.  Even if POAH's contact information for Young is not current, it may reasonably lead to a current address.  Moreover, it is unclear how Young or the remaining defendants would be prejudiced by an extension.

For these reasons, the Court is rejecting the recommendation to dismiss Young from this action.  While at some point this may be a proper outcome if

Riddick is unable to secure information to accomplish service, he should be afforded the opportunity to seek information through discovery to do so.

### Summary

In conclusion, the Court affirms the denial of Riddick's motion to compel. The Court rejects the recommendation to dismiss Young pursuant to Rule 4(m), finding good cause to extend time for service to be accomplished until after discovery is obtained from POAH.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 7, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 7, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
