UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARRY KEITH RIDDICK,<br><br>Plaintiff,<br><br>v.<br><br>POAH MANAGEMENT COMPANY, *et al.*,<br><br>Defendants. | Case No. 25-cv-11913<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL
(ECF NO. 34)**

## I.    Introduction

Plaintiff Barry Keith Riddick, proceeding pro se, brings this action against POAH Management Company, Kellia Young, and Jane Doe for alleged violations of the Fair Credit Reporting Act stemming from the rejection of his rental application.  ECF No. 1.  The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 6.

Riddick moves to compel responses to written discovery requests, arguing that POAH's current responses are deficient.  ECF No. 34.  Riddick

also contends that POAH failed to sign its responses to discovery requests. *Id.* POAH did not respond to Riddick's motion and has thus waived any opposition. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). The Court **GRANTS IN PART AND DENIES IN PART** Riddick's motion.

## II.     Analysis

### A.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Showing relevance is an "extremely low bar." *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014) (noting that Fed. R. Evid. 401 deems

evidence relevant if it has "*any* tendency to make a fact more or less probable").

Parties have 30 days to respond to interrogatories, requests for production (RFPs), and requests for admission (RFAs).  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).  The grounds for objecting to any discovery request must be stated with specificity, and any objection not timely advanced is waived.  Fed. R. Civ. P. 33(a)(4), 34(b)(2)(B), 36(a)(5).  Put differently, "failure to object to discovery requests within the thirty days…constitutes a waiver of any objection."  *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018) (cleaned up).

In April 2026, Riddick served on POAH a "second set" and "supplemental" interrogatories, RFPs, and RFAs.  ECF No. 34-3; ECF No. 34-4.  Many of POAH's handwritten responses assert no objections to the individual requests but merely state "N/A."  ECF No. 34-3, PageID.138-139 (Interrogatories 6-7; RFPs 2, 5-7); ECF No. 34-4, PageID.147-148 (Interrogatory 1; RFPs 1(c), 1(d), 1(f)).  Because POAH declined to answer those requests without advancing any objections, it has waived any objections to the requests.  *See Cain v. City of Detroit*, No. 20-CV-11099, 2022 WL 3337135, at *2 (E.D. Mich. Apr. 22, 2022) (finding that a defendant waived objections to discovery requests because she failed to

respond timely).  Riddick's motion to compel POAH's full responses to these requests is granted.

**B.**

Riddick also argues that POAH's discovery responses were not properly signed.  Rule 33(b)(3) requires that each interrogatory be answered "separately and fully in writing under oath," and Rule 33(b)(5) requires that the answers be signed by the person making them.  And "the attorney who objects [to any interrogatory] must sign any objections."  Fed. R. Civ. P. 33(b)(5).  Additionally, any discovery response must be signed by either an attorney or the party certifying that they have answered "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry."  Fed. R. Civ. P. 26(g)(1).

Although discovery requests served in December 2025 included interrogatories, no POAH representative signed the responses under oath. ECF No. 22-2, PageID.73.  POAH's responses to the April 2026 discovery requests were unsigned by either a POAH representative or POAH's attorney.  ECF No. 34-3; ECF No. 34-4.  Yet Riddick acknowledges that POAH "finally signed and verified its responses" and attaches signed verification pages executed in May 2026 for all three responses to his

4

discovery requests.  ECF No. 34, PageID.126; ECF No. 34-5.  Riddick's argument about the verifications is thus denied as moot.

### III.     Conclusion

The Court **GRANTS IN PART AND DENIES IN PART** Riddick's motion to compel (ECF No. 34).  **By July 21, 2026**, POAH must fully respond to Interrogatories 6-7 and RFPs 2 and 5-7 in Riddick's second set of discovery requests (ECF No. 34-3).  POAH must also fully respond to Interrogatory 1 and RFPs 1(c), 1(d), and 1(f) in Riddick's supplemental discovery requests (ECF No. 34-4).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 7, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge.”**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

6