UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARRY KEITH RIDDICK,<br><br>Plaintiff,<br><br>v.<br><br>POAH COMMUNITIES, LLC, *et al.*,<br><br>Defendants. | Case No. 25-cv-11913<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (ECF NO. 37) AND DIRECTING U.S. MARSHALS SERVICE TO USE REASONABLE EFFORTS TO SERVE DEFENDANTS YOUNG AND MURPHY**

## I. Introduction

Plaintiff Barry Keith Riddick, proceeding pro se, filed suit against POAH Management Company, Kellia Young, and Jane Doe, Young's supervisor, for alleged violations of the Fair Credit Reporting Act stemming from the rejection of his rental application. ECF No. 1. The Honorable Linda V. Parker referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

POAH has appeared in this matter, but the other defendants have not yet been served. At the outset of this case, the Court granted Riddick's application to proceed in forma pauperis (IFP) and ordered the United States Marshals Service (USMS) to serve Young. ECF No. 4; ECF No. 5; ECF No. 20. After the USMS's initial efforts to serve Young were unsuccessful,[1] Judge Parker found that Riddick should be given the opportunity to seek information through discovery to identify Doe and locate Young. ECF No. 30. Riddick recently filed an amended complaint reflecting POAH's correct name, POAH Communities, LLC, and identifying Doe as Alicia Murphy. ECF No 47.

Riddick moves to serve Young and Murphy via alternate means. ECF No. 37. He states that he obtained alternate contact information, including an email address, for Young and identified Doe as Murphy through discovery but did not hear back from the USMS when he forwarded this information. *Id.*; *see also* ECF No. 37-1. Riddick asks the Court to order the USMS to serve Young by publication or email and Murphy by publication. ECF No. 37. The Court **DENIES WITHOUT PREJUDICE** Riddick's motion.

[1] Those efforts included an attempt to serve Young at POAH's office and an Internet search. ECF No. 25.

## II. Analysis

### A.

“Where a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff’s process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint.” *Williams v. McLemore*, 10 F. App’x 241, 243 (6th Cir. 2001); *see also* 28 U.S.C. §1915(d) (when a plaintiff proceeds IFP, “[t]he officers of the court shall issue and serve all process”).

Under Federal Rule of Civil Procedure 4, an individual may be served by delivering a copy of the summons and complaint to the individual personally, “leaving a copy of each at the individual’s dwelling or usual place of abode with someone of suitable age and discretion who resides there,” or “delivering a copy of each to an agent authorized by appointment or by law to receive service of process.” Fed. R. Civ. P. 4(e)(2).

Rule 4 also allows for service under the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Under Michigan law, an individual may be served by “delivering a summons and a copy of the complaint to the defendant personally,” or by “sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made

when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A). If a party shows that "service of process cannot reasonably be made as provided by this rule," the Court may permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1).

"To obtain permission for alternate service, a plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *Moseley v. Regency Transp., LLC*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (cleaned up).

**B.**

The Court does not find that Riddick has established that service cannot be made by the prescribed means.

While the USMS's initial efforts to serve Young were unsuccessful, there is no indication that the USMS attempted to serve her using the new information obtained by Riddick through discovery. Riddick points to POAH's response to an interrogatory listing Young's last residential address as 3490 Oakman Blvd., Detroit, Michigan 48204. ECF No. 34-3, PageID.137. He states that he hired a process server to attempt service, but the affidavit provided states that service was attempted at another

address, 11648 Nardin Dr., Detroit, Michigan 48204, without explanation. ECF No. 37-2. It is unclear what the basis for this address is. Thus, alternative service is inappropriate at this juncture. The USMS must use “reasonable efforts” to serve Young. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004).

Murphy was not initially identified as a defendant, and there is no indication that the USMS ever attempted service on her. Riddick notes that the only address he has for her is POAH’s address and thus argues that any attempt to serve her at that address would be futile because she is no longer employed by POAH. This is an insufficient basis upon which to allow alternate service. The USMS must also use “reasonable efforts” to locate and serve Murphy. *See id.*; *see also Johnson v. Herren*, No. 2:13-cv-583, 2013 WL 6410447, at *3 (S.D. Ohio Dec. 9, 2013) (describing “reasonable efforts” to include an Internet search and contacting a former employer to obtain a forwarding address).

Because Riddick did not establish that service cannot be made by the prescribed means, the Court need not reach the issue of whether the proposed alternate methods are likely to give actual notice.

## III. Conclusion

The Court **DENIES WITHOUT PREJUDICE** Riddick's motion for alternate service. The USMS is directed to use reasonable efforts to serve Young and Murphy within 30 days. The USMS must inform the Court of the results of its attempts to serve these defendants by **October 16, 2026**. If service cannot be effectuated, Riddick may renew his motion for alternate service at that time.

**SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 17, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager